MARY L. COLDREN, Appellant, v. T. J. LEGORE, Adminis-
trator of Estate of J. LeGore, Appellee.

Action for Support of Infant:    EVIDENCE:    EXCLUSION OF:    ERROR.
1    In an action against an administrator for support of an infant
child defendant introduced evidence of a letter not addressed
to deceased or the administrator, in which defendant claimed
that plaintiff stated that she did not intend to file a claim
with the administrator for the support of the child.    Plaintiff
testified that she stated in the letter that she "was not going
to file a claim now."    Held error not to permit plaintiff to
explain what she meant by the expression "was not going to
file a claim now."

Evidence:    ADMISSIBILITY OF.    A witness testified to a conversation
2    in which plaintiff took part which resulted in a modification
of the contract and whereby plaintiff took the child back on
different terms from those first argeed upon.    The witness was
asked whether plaintiff had anything to do with what occurred
as to the child returning to her home on a certain occasion
and what, if anything, she had to do with it.    Held not ob
jectionable as calling for a conclusion or as assuming that she
had anything to do with it.

Prejudicial Remarks of Court.    On the trial, the court in substance
3    remarked in the presence of the jury "there was no proof of
an original agree-ment for the payment of money, and that
counsel's argument was in support of the contention that plain-
tiff took the child in consideration of her society and helpful-
ness."    Held, that the remark was erroneous and prejudicial.

Prejudicial Remarks of Court:    REVIEW OF AN APPEAL.    Where an
4    erroneous remark of the trial court has been brought to his
attention, it may be reviewed on appeal, although not made
ground for new trial.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD,
Judge.

MONDAY, OCTOBER 27, 1902.

ACTION at law to recover for the maintenance and sup-
port of an infant child of Joseph LeGore, deceased.

Defendant pleaded modification of contract and the statute of limitations.  There was a trial to a jury, resulting in a verdict for defendant, and plaintiff appeals.—*Reversed.*

*William H. Stiles* and *R. G. Howard* for appellant.

*Rose & Henderson* for appellee.

DEEMER, J.—Joseph LeGore, deceased, was twice married.  By his first wife, now deceased, he had one child, Mary, who for many years has been cared for and supported by plaintiff.  Lydia LeGore was the second wife of Joseph, and defendant is his administrator.  After the death of Joseph, plaintiff filed a claim with the administrator of his estate for the support of the child Mary from August 7, 1884, to July 21, 1899, amounting in all to something like $1,200. Defendant pleaded the statute of limitations as to part of the items; a change or modification of the original contract under which plaintiff took the child; that whatever was furnished was a mere gratuity, the child being a niece of the claimant, and living with her in *loco parentis*; and some other matters not necessary to be stated.  On the issues thus joined the case was tried to a jury, resulting in a verdict and judgment for defendant.  The arguments present a great many questions of more or less importance, and it is impossible, within the limits of an ordinary opinion, to consider all of them.  Moreover, quite a number of points are unimportant in view of the conclusion reached, and are not of controlling importance.  To such as seem to merit consideration we shall now turn our attention.

*I. EVIDENCE: exclusion of error.*

During the trial a controversy arose as to the contents of a letter said to have been written by plaintiff to Mary LeGore.  Defendant's witness testified that plaintiff said in that letter that she did not intend to file a claim for the support of the child with the administrator. Plaintiff's version of the letter will be shown by the

following excerpt from the record, which also discloses the point we wish to consider. The record is as follows: "Q. I will ask, did Mrs. LeGore give all the contents of that letter? A. Mrs. LeGore did not give to the jury, or relate to the jury, all the contents of the letter. Q. State that portion of the letter that she did not give to the jury. The Court: Let her repeat the letter if she knows what it was. A. I said in that letter that what I had done,—that, in regard to the claim, I wasn't going to file the claim now; that, had her dear father lived, I knew that he would have made it all right with me, and remembered me. That was what was in the letter. She didn't repeat that. Q. And what did you refer to? What did you mean by the expression, 'I will not file a claim now'? (Objected to as incompetent and immaterial. Sustained.)" In view of the claim made by defendant for this letter, we think the objection to the last question should have been overruled, and the witness permitted to answer. The letter was not addressed to the deceased or to the administrator. At most it was a declaration against interest, or an admission which was subject to explanation. It is claimed that plaintiff, Lydia LeGore, and others were present at a conversation between Mrs. Coldren and Mrs. Le Gore, when a modification of the original contract was made, whereby plaintiff took the child back with her on different terms from those first agreed upon. Lydia LeGore was the principal, if not the only, witness to this arrangement, and the following is taken from the record of her cross-examination: "Q. Who was present when this conversation took place? A. Mrs. LeGore, Mother Stiles, and Ralph. I won't say how long we were talking together. It was all of an half hour. I don't remember positively the time of day. The next thing after this conversation was, I said, 'I will have nothing more to say about it;' that whatever decision Mr. LeGore and Mrs. Coldren and Mrs. Stiles come to, why, I

2. EVIDENCE: admissibility of.

would have to abide.　Q. Then from that time on you had
nothing more to do with it, did you?　A. I stated my
position then, and I kept it all the time she was there.
Q. After that you did not take any active part, so far as
exercising any authority in the matter?　So that Mrs.
Coldren had nothing to .do with anything that occurred
about her going back to Nebraska?　(Objected to as calling
for a conclusion, and incompetent.　Sustained.)　Q. What
did she have to do with it, if anything?　(Objected to as
assuming she did have something to do with it, and incom-
petent, the fact not shown.　Sustained.)"　We think the
questions to which objections were sustained were proper,
and that the witness should have been permitted to ans-
wer them.

II.　During the argument of the case an objection was
interposed to a line of address presented by counsel for
defendant.　In ruling on the objection the court said,
among other things: "The issue in this case

3. PREJUDI-
CIAL re-
marks of
court.

leaves out any payment.　That don't appear
to be made; and I think that is true, you have
not plead payment; and it does appear to be there was no
original agreement by the terms of which there was to be
payment made, and hence the court thinks in support of
that contention. * * * In other words, that the claim
of agency carries out the claim that it was for the society
·and benefit of the claimant, and the court thinks it is
competent for that purpose."　It is a little difficult to un-
derstand what was meant by this remark.　This much,
however, is clear: that the court .said in the presence·of
the jury that there was no proof of an original agreement
for the payment of money, and that .counsel's argument
was in support of the contention that plaintiff took the
child in consideration of her society and. helpfulness.
Had this language been embodied in the formal charge, it
would unquestionably have been prejudicial, for it in
effect destroyed plaintiff's entire ·case.　If there was no

contract to care for the child for a compensation, plaintiff had no right to recover, and the case was at an end. The remark was erroneous and prejudicial. *State v. Philpot,* 97 Iowa, 367, and cases cited. Appellee says no exception

4. SAME: review on appeal.     was saved to this remark, but his claim is not supported. He further says that this was not made a ground for a new trial. The matter was already brought to the attention of the trial court, and no motion was necessary.

Misconduct of counsel and of the jury is complained of. We do not think there is any merit in either claim. *Hunt v. Railroad,* 86 Iowa, 15; *Kaufman Bros. v. Farley Mfg. Co.,* 78 Iowa, 679.

It is also argued that the verdict is without support in the evidence. In view of a retrial, we refrain from expressing ourselves on this proposition.

For the errors pointed out, the judgment is REVERSED.